### BIGELOW v. STEARNS.

COVENANTS—TAXES—GUARANTY OF PAYMENT.

> Defendants conveyed by warranty deed to plaintiff's intestate land against which there were outstanding tax liens.  Defendants' grantor, recognizing his liability for the taxes, deeded to the intestate a house upon which there was a mortgage, as security for the payment of the taxes.   The rents of the house were absorbed in interest, repairs, and taxes.  Subsequently the house was conveyed to the mortgagee, and plaintiff realized nothing from it.   The intestate, at the time such security was taken, also secured from defendants a written guaranty that the taxes should be paid in any event.   *Held*, that the evidence justified the direction of a verdict for plaintiff, in an action to recover the amount of the taxes.

Error to Wayne; Donovan, J.   Submitted April 12, 1904.   (Docket No. 35.)   Decided June 25, 1904.

*Assumpsit* by Ida H. Bigelow, administratrix of the estate of Lewis Bigelow, deceased, against Samuel Stearns and others, for the breach of a covenant against incumbrances. From a judgment for plaintiff on verdict directed by the court, defendants bring error. Affirmed.

*Jay Fuller*, for appellants.

*William S. Thomas*, for appellee.

HOOKER, J. The defendants, being owners as tenants in common of certain premises, sold and conveyed them to plaintiff's intestate by warranty deed. It was afterwards ascertained that there were outstanding tax claims against them, and the plaintiff's intestate, Mr. Bigelow, called upon the defendants to take care of them. They recognized the justice of this. They had purchased the property from one Holcomb, and they, together with Bigelow, had an interview with him. He appears to have recognized his liability for the taxes, and agreed to fix it for defendants. Several interviews were had between Bigelow and Holcomb. An arrangement was finally made whereby Holcomb made a bargain under the terms of which he was to deed to Bigelow a house, subject to a mortgage of $4,800, taking a contract back that if he (Holcomb) should pay the taxes, amounting to $416, he should deed the property back. Bigelow collected rents from the property, but they were absorbed by repairs, taxes, assessments, etc. Plaintiff or her intestate was obliged to pay the taxes referred to. The property, not paying the interest on the mortgage, was conveyed to the mortgagee, and plaintiff never realized anything from it.

At or about the time the security was taken, the defendants executed Exhibit I, reading as follows:

" *Whereas*, Stearns Bros. have deeded to Louis Bigelow Lot 1 and N. ½ L. 4 on Fourth ave.; and *whereas*, there are unpaid taxes of 1891 and 1892 of $416, which belongs to Henry W. Holcomb to pay, and he, being unable to pay same, has given a deed to Louis Bigelow to secure same,

of property on Greenwood avenue; but in any event we, Stearns Brothers, will guarantee that said taxes are paid and Bigelow shall suffer no loss.

"Also that the barn on property we deed stands all on the land deeded.

                    "STEARNS BROS.,
                    "Per ISAAC STEARNS."

A verdict was directed for the plaintiff, and we think the testimony in the cause justified such direction.

The other Justices concurred.